UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEDRIDE SHELTON, SR., <br><br> Plaintiff, <br><br> v. <br><br> WASHOE COUNTY SHERIFF'S OFFICE, *et al.*, <br><br> Defendants. | Case No. 3:19-cv-00260-MMD-WGC <br><br> ORDER |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state incarcerated person. On May 20, 2019, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. (ECF No. 4 at 1-2.) The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis*, including a properly executed financial certificate and an inmate account statement, or pay the full filing fee of $400.00 within thirty days from the date of that order. (*Id.* at 2.) The Court also ordered Plaintiff to file a complaint within 30 days. The 30-day period has now expired, Plaintiff has not filed a complaint, and has not filed another application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the Court's order.[1]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to

---

[1]The Court's order sent to the address Plaintiff provided was returned as undeliverable. (ECF Nos. 5, 6.)

prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation, and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's May 20, 2019 order explicitly stated that, "if Plaintiff does not timely

comply with this order, dismissal of this action may result." (ECF No. 4 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a complaint, and his failure to file another application to proceed *in forma pauperis*, or pay the full filing fee in compliance with this Court's May 20, 2019 order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 25th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE